```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DAMOHN BURRIS,**

                              **Plaintiff,**

          v.                                   CASE NO. 09-3126-SAC

**SEDGWICK COUNTY SHERIFF DEPARTMENT,**

                              **Defendant.**

## O R D E R

This matter is before the court on a pro se complaint filed by a prisoner confined in the Sedgwick County Detention Facility (SCDF) in Wichita, Kansas. Plaintiff has neither submitted the district court filing fee required by 28 U.S.C. § 1914, nor a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The court grants plaintiff additional time to satisfy one of these statutory requirements.

In his bare two page complaint which is not submitted on a court approved form, plaintiff states only that Sedgwick County staff fail to acknowledge plaintiff's mental limitations, and maliciously put plaintiff's physical and mental safety at risk by denying his requests for protective custody and psychological review. No dates or specific facts are alleged.

Although plaintiff characterizes his complaint as one seeking habeas corpus relief, the essence of the sparse information provided suggests instead that plaintiff's allegations concern the conditions of his SCDF confinement. Proceeding in habeas corpus is thus not

appropriate. *See* <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement ... fall outside [the] core [of federal habeas corpus] and may be brought pursuant to § 1983...."); <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000) (conditions-of-confinement claims must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in habeas petition).

To proceed under 42 U.S.C. § 1983, plaintiff must submit his allegations on a court-approved form.[1]  The court grants plaintiff an opportunity to amend the complaint by submitting a court approved form for filing under 42 U.S.C. § 1983, to clarify the claims being asserted and each defendant's personal participation in the alleged misconduct to avoid summary dismissal of the complaint.[2]  Also, plaintiff must either pay the $350.00 district court fee for filing a civil action in federal court, 28 U.S.C. § 1914, or submit an executed form motion for seeking leave to proceed in forma pauperis

---

[1] *See* D.Kan. Rule 9.1(a)("[C]ivil rights complaints by prisoners under 42 U.S.C. § 1983 ... shall be on forms approved by the court and supplied without charge by the clerk of the court upon request.")

[2] Plaintiff names only the Sedgwick County Sheriff Department as a defendant. This is not a proper defendant. *See e.g.* <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff' s departments and police departments are not usually considered legal entities subject to suit"). Absent amendment of the complaint to name one or more appropriate defendants, this action is subject to being summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

under 28 U.S.C. § 1915.[3]  Any such motion filed under 28 U.S.C. § 1915 must be supported by a certified accounting of plaintiff's inmate trust fund for the six month period immediately preceding the filing of his complaint.

IT IS THEREFORE ORDERED that the pro se complaint is construed by the court as one seeking relief under 42 U.S.C. § 1983, and that plaintiff's motion for appointment of counsel (Doc. 2) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to pay the $350.00 district court filing fee or to file an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.  The failure to do so in a timely manner will result in this action being dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to amend the complaint with a court approved form complaint to clarify his claims and name appropriate defendants.  The failure to do so in a timely manner will result in this action being dismissed as stating no claim for relief.

The clerk's office is directed to provide plaintiff with court approved forms for filing a complaint under 42 U.S.C. § 1983 and a motion under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 17th day of July 2009 at Topeka, Kansas.

```
                               s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```

---

[3]*See* D.Kan. Rule 9.1(g)(court form to be used by prisoner seeking leave to proceed in forma pauperis).

3